UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON SCARBER,

        Petitioner,                       Case Number 18-10941
                                                            Honorable David M. Lawson

v.

ANETTE BERRY,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SECOND OR SUCCESSIVE PETITION TO COURT OF APPEALS AND DENYING MOTION FOR EMERGENCY HEARING

On March 22, 2018, Marlon Scarber, incarcerated at the Handlon Correctional Facility in Ionia, Michigan, filed a "Common Law Complaint for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243" [dkt. #1] and a motion for emergency hearing [dkt. #2]. Scarber is incarcerated as a result of his 2005 Wayne County Circuit Court jury trial conviction of first-degree murder, kidnapping, armed robbery, and commission of a felony with a firearm. The petition asserts that Scarber's right to a full and fair appeal was denied when the state court refused to provide him with a transcript of the trial court's decision to close jury selection to the public.

Scarber filed an earlier petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the same judgment he attacks here. That petition was denied because it was filed out of time and barred by the statute of limitations. *Scarber v. Palmer*, No. 2:13-cv-15074 (E.D. Mich. Sept. 25, 2014). The Sixth Circuit affirmed. *Scarber v. Palmer*, 808 F.3d 1093 (6th Cir. 2015).

Before a second or successive habeas petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S.

637, 641 (1998). A federal district court does not have jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order of authorization from the court of appeals. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has approved the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals. *Id.* at 971; *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Scarber ostensibly has brought this case under section 2243. Regardless of the statutory label placed on the petition, however, habeas petitions filed by state prisoners challenging their state court convictions are governed by section 2254. See *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002) ("[R]egardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254."). The provisions of section 2244(b), which govern the filing of successive petitions by state prisoners under § 2254, therefore apply equally to habeas petitions filed by a state prisoner under other statutes. *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006) ("Section 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment."); *Welch v. Brown*, 541 F. Supp. 259, 261-62 (S.D. Ohio 1982) (applying §2244(b) to petition purportedly filed by state prisoner under §2243).

The current habeas petition is a successive petition within the meaning of section 2244(b)(3)(A). This Court therefore lacks jurisdiction to review the petition in the absence of authorization from the Sixth Circuit.

Accordingly, it is **ORDERED** that the Clerk of Court **TRANSFER** the petition for writ of habeas corpus [dkt. #1] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

It is further **ORDERED** that the petitioner's motion for emergency hearing [dkt. #2] is **DISMISSED AS MOOT**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: April 2, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 2, 2018.

        s/Susan Pinkowski
        SUSAN PINKOWSKI